UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Colin F. W. Brown,

        Plaintiff,

   v.

Citibank, N.A., successor in interest to
Citibank (South Dakota), N.A., d/b/a Citibank       Case No. 16-cv-1513
North America, Inc., Discover Financial
Services, Inc., and Chase Bank USA, N.A.,

        Defendants.

## ANSWER

      Defendant, Discover Financial Services, Inc. ("Discover") by its attorneys, Husch

Blackwell LLP, answers the Plaintiff's Complaint as follows:

## **INTRODUCTION**

1.     This action arises out of Defendants' violations of the Fair Credit Reporting Act,15
     U.S.C. § 1681 *et seq.* ("FCRA").

     **ANSWER NO. 1**:  Discover denies the allegations contained in this Paragraph.

## **JURISDICTION**

2.     Jurisdiction of this Court arises under 15§ 1681 *et seq.* and 28 U.S.C. § 1331.

     **ANSWER NO. 2**:  This Paragraph contains legal conclusions to which no response is

     required.  To the extent a response is required, Discover denies the allegations contained

     in this Paragraph.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at
     issue occurred in this District, Plaintiff resides in this District, and Defendants also
     conduct business in this District.

**ANSWER NO. 3**:  This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

**PARTIES**

4.	Plaintiff, Cohn F. W. Brown (hereinafter "Plaintiff"), is a natural person who resides in the City of West Allis, County of Milwaukee, State of Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

**ANSWER NO. 4**:  Upon information and belief, Discover admits that Plaintiff resides in West Allis, Wisconsin.  Except as so admitted, Discover denies the allegations contained in this Paragraph.

5.	Defendant, Citibank, N.A. successor in interest to Citibank (South Dakota), N.A. d/b/a Citibank North America, Inc. (hereinafter "Defendant CBNA") is a national banking association organized under federal law, is licensed to do business in the State of Wisconsin and regularly conducts business in said State, and has a principal place of business located at 1 Court Square, Long Island City, NY 11120. Defendant CBNA is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 5**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

6.	Defendant Discover Financial Services, Inc. ("Defendant Discover") is a foreign corporation organized under the laws of the State of Delaware and headquartered at 2500 Lake Cook Road, Riverwoods, IL 60015.  Defendant Discover has a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717. Defendant Discover is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 6**:  Discover admits that it is incorporated in Delaware and that one of its offices is located at 2500 Lake Cook Road, Riverwoods, IL 60015.  Discover admits that

its registered agent is CT Corporate System.  Except as so admitted, Discover denies the

allegations contained in this Paragraph.

7.      Defendant Chase Bank USA, N.A. ("Defendant Chase") is a foreign corporation
organized under the laws of the State of Delaware and has a corporate office at 270 Park
Avenue, New York, New York, 10022, and does business in Wisconsin.  Defendant
Chase is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER NO. 7**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, Discover is without sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations

contained in this Paragraph, and therefore, denies them.

### PURPOSE OF THE FAIR CREDIT REPORTING ACT

8.      Consumer credit plays a major role in the American marketplace and economic system.
Fair and accurate credit reporting affects the lives of Americans consumers in many ways
every day and acts as a gatekeeper to credit purchases, employment and income, basic
commercial services, insurance coverage, housing, rentals, and a broad range of other
transactions.  Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER
LAW 39-40 (2nd ed. 2006).

**ANSWER NO. 8**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, this Paragraph contains general

and irrelevant assertions to which no response is required.  To the extent a response is

required, Discover denies the allegations contained in this Paragraph.

9.      Congress has investigated and determined that the banking system is also dependent upon
fair and accurate credit reporting, that inaccurate credit reports directly impair the
efficiency of the banking system, and that unfair credit reporting methods undermine the
public confidence, which is essential to the continued functioning of the banking system.
15 U.S.C. § 1681(a)(1).

**ANSWER NO. 9**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, this Paragraph contains general

and irrelevant assertions to which no response is required.  To the extent a response is

required, or any law is misstated or not fully set forth, Discover denies the allegations contained in this Paragraph.

10.    The FCRA was created to "ensure fair and accurate credit reporting, promote efficiency, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 52 (2007).

    **ANSWER NO. 10**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, or any law is misstated or not fully set forth,  Discover denies the allegations contained in this Paragraph.

11.    The FCRA was proposed in 1968 as an amendment to the original Truth in Lending Act.  Senator Proxmire (D-W1) announced his intention to create legislation addressing the growing frequency of cases in which a consumer "is unjustly denied because *of faults or incomplete information in a credit report,"* and entered an initial draft of what would eventually become the FCRA into the Congressional Record.  Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968)) (emphasis added).

    **ANSWER NO. 11**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, this Paragraph contains general and irrelevant assertions to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

12.    Senator Proxmire listed five types of abuses requiring Congressional response, including biased or one-sided information and incomplete information.  Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

    **ANSWER NO. 12**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, this Paragraph contains general and irrelevant assertions to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

13.     Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

    **ANSWER NO. 13**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, this Paragraph contains general and irrelevant assertions to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

14.     The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected.  Anthony Rodriguez et al., FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 168 I a(d)).

    **ANSWER NO. 14**:   The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, this Paragraph contains general and irrelevant assertions to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

15.     An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's credit worthiness, but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed.  Congress enacted the FCRA to prevent this arbitrary and iniquitous result.

    **ANSWER NO. 15**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, this Paragraph contains general and irrelevant assertions to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

16.     Furthermore, in 1996, Congress, in an effort to increase the "accuracy and integrity" of information supplied to credit reporting agencies, added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act.  The provision, "(responsibilities of furnishers of information to consumer reporting agencies," subjected data furnishers, who were not previously covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes.  These provisions were originally scheduled to sunset in 2003, but were considered important enough to Congress to be made permanent in the Fair and Accurate Credit Transactions Act of 2003, Federal Trade Commission Staff:  40

Years of experience with the Fair Credit Reporting Act, pp. 1, 2, 92. Retrieved from the FTC website: http://www.ftc.goviost2011/07/1107201crareport.pdf.

**ANSWER NO. 16**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, this Paragraph contains general and irrelevant assertions to which no response is required. To the extent a response is required, Discover denies the allegations contained in this Paragraph.

17. The credit industry has constructed a method of numeric-alpha codes for considering consumer credit report *disputes. See* 15 U.S.C. § 1681i(a)(5XD).

**ANSWER NO. 17**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, this Paragraph contains general and irrelevant assertions to which no response is required. To the extent a response is required, Discover denies the allegations contained in this Paragraph.

18. Consumer reporting agencies Equifax, Experian, Trans Union, and Innovis have thus created the Online Solution for Complete and Accurate Reporting, or e-OSCAR, as the credit industries' standard of performance. e-OSCAR allows data furnishers to create and respond to disputes initiated by consumers by routing credit reporting agency-created prompts for automated consumer dispute verifications to the appropriate data furnishers. e-OSCAR utilizes a numeric-alpha language specific to the credit reporting industry .

**ANSWER NO. 18**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. To the extent a response is required, Discover denies the allegations contained in this Paragraph.

19. That lexicon or unique language is commonly referred to in the credit reporting industry as "Metro 11." It is also known industry wide as the CDIA's "Credit Reporting Resource Guide."

**ANSWER NO. 19**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. To the extent a response is required, Discover denies the allegations contained in this Paragraph. Discover affirmatively alleges that it utilizes the Metro 2 format in credit reporting.

20.     Metro II is driven by numeric codes that translate into specific alpha representations about consumers' creditworthiness and character that will ultimately appear on credit reports issued to third parties who make credit, insurance, rental, and employment decisions regarding consumers.

      **ANSWER NO. 20**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.  Discover affirmatively alleges that it utilizes the Metro 2 format in credit reporting.

21.     Metro 11 codes are used on an industry wide form known within the credit industry as an Automated Credit Dispute Verification ("ACDV") electronic form.

      **ANSWER NO. 21**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.  Discover affirmatively alleges that Automated Credit Dispute Verification forms contain Metro 2 codes.

22.     The ACDVs have many fields in their body for use in effecting thorough and complete communications between data furnishers and the credit reporting agencies.

      **ANSWER NO. 22**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

23.     These AC DV "fields" have various titles for the many substantive areas into which the Metro 11 codes can be entered.

      **ANSWER NO. 23**:   The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

24.     The fact that specific codes exist in the Metro II language suggests that this type of information has significant importance to the consumer credit industry including but not limited to: creditors, insurers, renters, and employers in evaluating a consumer's creditworthiness and character.

**ANSWER NO. 24**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  To the extent a response is required,

Discover denies the allegations contained in this Paragraph.

**SIGNIFICANCE OF WISCONSIN CHAPTER 128**

25.    Wisconsin has enacted a debt amortization process known as Chapter 128 which uses a
Wisconsin State Court process for adjudicating certain consumer debts owed to creditors
such as the defendants in this Complaint.

**ANSWER NO. 25**:  This Paragraph contains legal conclusions to which no response is

required.  To the extent the law is misstated or not fully set forth, Discover denies the

allegations contained in this Paragraph.  Discover affirmatively alleges that Wis. Stat. §

128.21 does not discharge debts and does not stop interest from accruing on a debt, but

only prevents "execution, attachment or garnishment" from being levied or enforced by a

creditor.

26.    Plaintiff entered into a voluntary amortization of his debts by filing a Wis. Stat. § 128.21
(hereinafter "Chapter 128") proceeding in Milwaukee County Circuit Court, the court
located in his county of residence, in September of 2012.

**ANSWER NO. 26**:  Discover admits, upon information and belief, that Plaintiff filed a

Wis. Stat. § 128.21 petition in Milwaukee County Circuit Court on or around September

25, 2012.  Except as so admitted, Discover denies the remaining allegations in this

Paragraph.

27.    The purpose of a Chapter 128 proceeding is to act as an alternative to bankruptcy for
wage earners seeking personal debt relief.  It is supervised by the Wisconsin state court
system and designed to help wage earners fully pay off their debts in a three year period.
*See* Jeffrey Murrell, *Chapter 128: Wisconsin's Bankruptcy Alternative,* 81 Wis. LAW. 8
(2008).

**ANSWER NO. 27**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that, unlike a federal bankruptcy law, a §128.21 voluntary

proceeding under state law cannot, and does not, discharge a petitioner's debt, but only permits amortization of the debts listed by the petitioner. Its purpose, clearly outlined in the statutes, is to "require that proceedings for the enforcement of the executions, attachments or garnishments be stayed during the pendency of the proceeding . . ." Wis. Stat. §128.21(1). Wisconsin Stat. § 128.21 does not prohibit interest from continuing to accrue at the contractual rates agreed upon by the customer and the creditor. *See* Wis. Stat. § 128.21.

## FACTUAL ALLEGATIONS
## BACKGROUND

28.     Defendants are part of the consumer credit industry.

**ANSWER NO. 28**:  This Paragraph contains general characterizations to which no response is required.  To the extent a response is required, Discover denies the allegations contained in this Paragraph.

29.     On September 25, 2012, Plaintiffs Chapter 128 proceeding in Milwaukee County was assigned Case No. 12-CV -010575.

**ANSWER NO. 29**:  Discover admits that Colin Brown and Ashley Brown were petitioners in a case in the Milwaukee County Circuit Court, which had a case number of 12-CV-010575, and that such petition was filed on or around September 25, 2012. Except as so admitted, Discover denies the allegations contained in this Paragraph.

30.     On or about September 25th, 2012, Plaintiff confirmed the list of creditors listed in the Affidavit of Debts, which included Defendants.

**ANSWER NO. 30**:  Discover admits that "Discover" was listed on the Affidavit of Debts.  Except as so admitted, Discover denies the allegations contained in this Paragraph.

31.    On October 12, 2012, the Milwaukee County Circuit Court issued an order appointing attorney Robert E. Haney (hereinafter "Trustee") as Plaintiff's Trustee for the Chapter 128 plan.

**ANSWER NO. 31**:  Discover admits that, on or around October 12, 2012, Judge Noonan

appointed by order Robert E. Haney as trustee in Milwaukee  County Circuit Court case

number 12-CV-010575. Except as so admitted, Discover denies the allegations contained

in this Paragraph.

32.    The Trustee served as a fiduciary for each of the named creditors in the Petition for Chapter 128 relief and included the Defendants named herein.

**ANSWER NO. 32**:  Discover denies the allegation contained in this Paragraph.

Discover affirmatively alleges that that the Trustee served in no fiduciary capacity for

Discover whatsoever.

33.    On October 19, 2012, the Trustee sent the Notice to Creditors (hereinafter "Notice") pursuant to Wisc. Stat. § 128.21(3) to all creditors listed on the Affidavit of Debts which included Defendants.

**ANSWER NO. 33**:  Discover admits, upon information and belief, that Trustee Robert

Haney sent a "Notice to Creditors" on or around October 19, 2012 and that Discover,

with an address listed in Carol Stream, IL, was identified on the Affidavit of Debts.

Except as so admitted, Discover denies the allegations contained in this Paragraph.

34.    The Notice stated the date for the creditors' meeting would be held on November 6, 2012.  The creditors' meeting is to determine the amount of each creditor's debt and that the payments will be made to each creditor every ninety (90) days on a pro rata basis.

**ANSWER NO. 34**:  Discover admits that the Notice to Creditors stated that "a meeting

of the creditors" would occur on November 6, 2012.  Except as so admitted, Discover

denies the allegations contained in this Paragraph.  Discover affirmatively alleges that, as

set forth in Wis. Stat. § 128.21(3), "the purpose" of the creditors' meeting is for

"considering an amortization plan and for determining the claims to be covered by the plan."

35.    The Notice further stated to the creditors, which included the Defendants that they will be paid the amount set forth on the Affidavit of Debts at the address also listed thereon.

**ANSWER NO. 35**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that payment of the amount listed on an Affidavit of Debts does not have the effect of discharging any debt not listed and paid under the plan, including any debt obligation that arises pursuant to the parties' agreement subsequent to the approval of the plan, such as interest, late fees or other valid charges.

36.    The Notice further advised the creditors that if the amount of the debt was inaccurate or that the address to which payment should be made every ninety (90) days was inaccurate, the creditor must advise the Trustee or the Court.

**ANSWER NO. 36**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that such Notice from the Trustee is not a court order and payment of the amount on the Affidavit of Debts does not have the effect of discharging any debt not listed and paid under the plan, including any debt obligation that arises pursuant to the parties' agreement subsequent to the approval of the plan, such as interest, late fees or other valid charges.

37.    In addition the Notice advised the creditors that the Plaintiff's plan would pay each creditor holding an allowed claim its unpaid balance as of the date of the petition, with no further accruing interest, late charges or related administrative costs or fees and that the debt if paid would be paid in full.

**ANSWER NO. 37**:  Discover denies the allegations contained in this Paragraph.  The Notice to Creditors does not contain such language.  Discover affirmatively alleges that such notice is not an order of the court and cannot result in the forfeiture or alteration of a creditor's rights where such forfeiture or alteration is not provided by the statutory

language. No statutory language prohibits the continued accrual of interest or late fees during the period of the plan, and the Notice to Creditors has no effect on the card member agreement between the parties. Discover further affirmatively alleges that no state court has the authority to order that an agreement, which permits the continuing accrual of interest on outstanding debt principal, late charges, or other fees, be modified or altered to prohibit enforcement of that agreement or any part of that agreement. Pursuant to the "contracts clause" of the U.S. Constitution, a state law cannot alter a valid contract; only the federal government can pass such a law. "<u>No State shall</u> enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; <u>pass any</u> Bill of Attainder, ex post facto Law, or <u>Law impairing the Obligation of Contracts</u>, or grant any Title of Nobility." U.S. Constitution, Article 1, Section 10 (emphasis added). Wisconsin Stat. § 128.21 only affects the creditor's remedy to collect a debt by providing that "no execution, attachment or garnishment may be levied or enforced by any creditor seeking the collection of any claim which arose prior to the proceedings" until the plan is dismissed. Wis. Stat. § 128.21(2).

38.  Defendants did not attend the meeting of creditors, make objections to Plaintiff's amortization plan or file a different dollar claim figure than what was stated on the Affirmation of Debts.

**ANSWER NO. 38**: Discover admits that it did not attend the meeting of creditors, object to Plaintiff's proposed plan, or file a different claim. Except as so admitted, Discover denies. Discover affirmatively alleges that the Notice to Creditors stated that "[c]reditors are not required to attend this meeting." Discover further alleges that Wis. Stat. § 128.21 only provides for the amortization of the debts that the petitioner lists on his or her

petition, but does not prohibit in any way the continued accrual of interest on unpaid

principal, late charges, or other fees that a customer and a creditor have agreed upon.

Such unpaid amounts can be collected upon dismissal of the proceeding, whether

dismissal of the proceedings occurs as a result of a default by the petitioner or upon

completion of the plan. No state court has authority to modify a parties' contractual

agreement, notwithstanding any alleged failure to attend a creditors meeting, make an

objection or assert a different claim. *See* Wis. Stat. § 128.21.

39. Thus, pursuant to Chapter 128, the Defendants subjected themselves and their respective
claims to the jurisdiction of the Wisconsin State Court at Milwaukee.

**ANSWER NO. 39**: Discover admits that it was subject to the state court's jurisdiction to

the extent that the court is granted statutory jurisdiction to prevent execution, attachment

or garnishment by the creditor during the pendency of the Wis. Stat. § 128.21 proceeding.

Except as so admitted, Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that, even if it were subject to the jurisdiction of the

Milwaukee County Circuit Court, such court has no authority to alter or modify any

contract between parties.

40. On January 3, 2013, Judge Noonan of the Milwaukee County Circuit Court issued an
order approving the creditor payment plan set forth by the Trustee.

**ANSWER NO. 40**: Discover admits that Judge Noonan issued an order on or around

January 3, 2013. Except as so admitted, Discover denies the allegations contained in this

Paragraph. Discover affirmatively alleges that any payment plan pursuant to the

Plaintiff's petition only amortizes the amount listed in the Plaintiff's affidavit submitted

with his petition, and payment of the listed amount does not have the effect of

discharging any debt not listed and paid under the plan, including any debt obligation that

arises pursuant to the parties agreement subsequent to the approval of the plan, such as interest, late fees or other valid charges.

41.     In the January 3, 2013, Order Judge Noonan notified the creditors, including Defendants, that they could request and learn from the Court or the trustee what amount each creditor was being paid under the Court supervised plan.

**ANSWER NO. 41**:  Discover admits that Judge Noonan issued an order or around January 3, 2013.  Except as so admitted, Discover denies the allegations contained in this Paragraph.  Discover affirmatively alleges that any payment plan pursuant to the Plaintiff's petition only amortizes the amount listed in the Plaintiff's affidavit submitted with his petition, and payment of the listed amount does not have the effect of discharging any debt not listed and paid under the plan, including any debt obligation that arises pursuant to the parties' agreement subsequent to the approval of the plan, such as interest, late fees or other valid charges.

42.     No such request was made by any of the Defendants.

**ANSWER NO. 42**:  Discover admits that, if offered, it did not make such a request. Except as so admitted, Discover denies the allegations contained in this Paragraph. Discover affirmatively alleges that any such payment plan only amortizes the amount listed in the Plaintiff's affidavit submitted with his petition, and payment of the listed amount does not have the effect of discharging any debt not listed and paid under the plan, including any debt obligation that arises pursuant to the parties agreement subsequent to the approval of the plan, such as interest, late fees or other valid charges.

43.     By operation of Wisc. Stat. § 128.21 and the Milwaukee County Circuit Court's Order, Defendants, were made aware of the Court's approval of the plan and subjecting them to the court's jurisdiction and authority.

**ANSWER NO. 43**:  Discover admits that it is subject to the state court's jurisdiction as set forth in the statute.  Except as so admitted, Discover denies the allegations contained in this Paragraph.  Discover affirmatively alleges that no state court has the authority to alter or modify a contract between parties.

44.     The January 3, 2013, Order also notified the creditors including the Defendants that when a Chapter 128 plan is successfully completed, an Order from the Court will be issued, dismissing the case and declaring that all debts in the plan are paid in full.

**ANSWER NO. 44**:  Discover admits that Judge Noonan issued an order on or around January 3, 2013.  Except as so admitted, Discover denies the allegations contained in this Paragraph.  Discover further alleges that no state court has the authority to alter or modify a contract between parties.  Any debt incurred pursuant to the parties' agreement remaining unpaid after dismissal of the plan is valid and collectible.

45.     All payments according to Plaintiff's plan were made in a timely manner and the plan was completed pursuant to Wisc. Stat. § 128.21.

**ANSWER NO. 45**:  Discover admits that it received some payments from the trustee under the plan, but denies that such payments were timely under the card member agreement between the Plaintiff and Discover.  Except as so admitted, Discover denies the allegations contained in this Paragraph.  Discover affirmatively alleges that no state court has the authority to alter or modify a contract between parties.  Any debt incurred pursuant to the parties' agreement remaining unpaid after dismissal of the plan is valid and collectible.

46.     On August 19, 2015, Judge Noonan ordered that all debts in the plan had been paid in full and dismissed the case.

**ANSWER NO. 46**:  Discover admits  that Judge Noonan issued an order on or around such date.   Except as so admitted, Discover denies the allegations contained in this

Paragraph.  Discover affirmatively alleges that the "debts" referred to in the Court order are those debts listed on the Debtor's affidavit filed with the court at the time the petition was filed, and any debts not listed on the affidavit, including interest and late and other valid charges, that are not paid under the terms of the plan are not considered satisfied. Discover further affirmatively alleges  that no state court has the authority to alter or modify a contract between parties, and upon dismissal of the case, creditors, including Discover, are permitted to proceed by action or otherwise to collect any portion of the indebtedness not paid by the plan.  Any debt incurred pursuant to the parties' agreement remaining unpaid after dismissal of the plan is valid and collectible.

**PLAINTIFF'S APRIL 2016 DISPUTES WITH THE**
**CREDIT REPORTING AGENCIES**
**(TRANS UNION, EXPERIAN AND EQUIFAX)**
<u>**TRANS UNION DISPUTES**</u>

47.     While examining his credit reports from various sources in early 2016, Plaintiff discovered some inaccuracies regarding the reporting of his credit history with Defendant CBNA in relation to his account ending in #1422.

   <u>**ANSWER NO. 47**</u>:  The allegations contained in this Paragraph are not asserted against

   Discover, and therefore, require no response.  To the extent a response is required,

   Discover denies the allegations contained in this Paragraph.

48.     As established in the aforementioned paragraphs of this Complaint, Plaintiff through his Chapter 128 Amortization process no longer owed any money on this debt with Defendant CBNA, account ending in #1422, in April of 2016.

   <u>**ANSWER NO. 48**</u>:  The allegations contained in this Paragraph are not asserted against

   Discover, and therefore, require no response.  To the extent a response is required,

   Discover denies the allegations contained in this Paragraph.

49.     The Trans Union report #352087257 dated April 18, 2016, stated that Plaintiff had a balance owing with Defendant CBNA.

**ANSWER NO. 49**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  To the extent a response is required,

Discover denies the allegations contained in this Paragraph.

50.     In a certified letter to Trans Union dated July 7, 2016, Plaintiff disputed (pursuant to 15
        U.S.C. § 1681i) that entry regarding Defendant CBNA.

        **ANSWER NO. 50**:  The allegations contained in this Paragraph are not asserted against

        Discover, and therefore, require no response.  To the extent a response is required,

        Discover denies the allegations contained in this Paragraph.

51.     Plaintiff stated in his dispute that he owed no balance.

        **ANSWER NO. 51**:  The allegations contained in this Paragraph are not asserted against

        Discover, and therefore, require no response.  To the extent a response is required,

        Discover denies the allegations contained in this Paragraph.

52.     Upon information and belief, Trans Union notified Defendant CBNA of Plaintiff's
        dispute by ACDV through E-Oscar.

        **ANSWER NO. 52**:  The allegations contained in this Paragraph are not asserted against

        Discover, and therefore, require no response.  To the extent a response is required,

        Discover denies the allegations contained in this Paragraph.

53.     Upon information and belief, Defendant CBNA responded timely to the dispute from
        Trans Union.

        **ANSWER NO. 53**:  The allegations contained in this Paragraph are not asserted against

        Discover, and therefore, require no response.  To the extent a response is required,

        Discover denies the allegations contained in this Paragraph.

54.     Trans Union responded to that dispute on August 9[1]h, 2016, by way of its reinvestigation
        report #352087258 that the disputed balance was verified by Defendant CBNA.

**ANSWER NO. 54**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  To the extent a response is required,

Discover denies the allegations contained in this Paragraph.

55. Defendant CBNA failed in its duties under 15 U.S.C. §1681s-2(b) to investigate Plaintiffs
dispute in a reasonable manner and so violated the Fair Credit Reporting Act.

**ANSWER NO. 55**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  To the extent a response is required,

Discover denies the allegations contained in this Paragraph.

56. Similarly, pursuant to 15 U.S.C. §16811, Plaintiff disputed another inaccuracy on his
Trans Union credit report #352087257 dated April 18th, 2016, regarding Defendant
Discover.

**ANSWER NO. 56**:  Discover admits that it received notice of Plaintiff's alleged dispute

regarding his TransUnion consumer report when it received an ACDV from TransUnion

regarding the alleged dispute on or around July 28, 2016. Except as so admitted, Discover

denies the allegations contained in this Paragraph.

57. Plaintiff disputed that he had a balance owing to Defendant Discover, account ending in
#8947.

**ANSWER NO. 57**:  Discover admits, upon information and belief, that, in or around July

2016, Plaintiff disputed that he had a balance on his account ending in #8947 with

Discover. Except as so admitted, Discover denies the allegations contained in this

Paragraph.

58. Upon information and belief, Trans Union notified Defendant Discover of Plaintiffs
dispute by ACDV through E-OS CAR.

**ANSWER NO. 58**:  Discover admits that it received notice of Plaintiff's alleged dispute

regarding his TransUnion consumer report when it received an ACDV from TransUnion

regarding the alleged dispute on or around July 28, 2016. Except as so admitted, Discover

denies the allegations contained in this Paragraph.

59.     Upon information and belief, Defendant Discover responded to Trans Union regarding the dispute.

**ANSWER NO. 59**:  Discover admits that it responded to the ACDV it received from

TransUnion on or around July 28, 2016.  Except as so admitted, Discover denies the

allegations contained in this Paragraph.  Discover affirmatively alleges that, before

responding to the ACDV it received on or around July 28, 2016, it conducted an

investigation as required by FCRA into the account.

60.     Again, when Plaintiff reviewed the reinvestigation report dated August 9, 2016, from Trans Union, Defendant Discover verified a balance in spite of the fact that Judge Noonan had declared that debt to Defendant Discover was paid in full.

**ANSWER NO. 60**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that only the amount listed on the Affidavit of Debts was

paid, and that to the extent not paid under the plan, the debt remained due and owing.

61.     Defendant Discover violated its duties under 15 U.S.C. §1681s-2(b) to reasonably investigate a consumer dispute made by Plaintiff.

**ANSWER NO. 61**:  Discover denies the allegations contained in this Paragraph.

62.     Upon information and belief, Trans Union is still publishing these inaccurate balances to others who seek Plaintiff's credit history which is causing Plaintiff damage in the form of reduced credit score and adverse credit profile.

**ANSWER NO. 62**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that the amounts reported are accurate and still due and

owing.

## EXPERIAN DISPUTES

63.  On July 7, 2016, Plaintiff disputed the following two (2) incorrectly reporting accounts in accordance with 15 U.S.C. § 1681i, with Experian (a/k/a Experian information Solutions, Inc.) on its credit report #2160-0988-59 dated April 18, 2016.
   - CBNA Account ending in #1422 with a balance of 5848.00 and late charges since October of 2013.
   - Discover Account ending in #8947 with a balance of $555.00 and late charges since May of 2013.

   **ANSWER NO. 63**:  Discover admits that it received notice of Plaintiff's alleged dispute regarding his Experian consumer report as it related to Discover account ending in #8947 when it received an ACDV from Experian regarding the alleged dispute on or around July 28, 2016.  Except as so admitted, Discover denies the allegations contained in this Paragraph.

64.  In Plaintiff's dispute letter to Experian, sent certified mail, Plaintiff explained that he is not obligated to pay balances of the aforementioned accounts because he was absolved of the debt because of his Chapter 128 petition and list of affirmed debts and that there should be no late payments noted because of Judge Noonan's Order of August 19, 2015.

   **ANSWER NO. 64**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them. Discover affirmatively alleges that it did not receive a copy of "Plaintiff's dispute letter" sent to Experian.

65.  Upon information and belief, Experian sent an ACDV to Defendants Discover and CBNA regarding Plaintiff's alleged inaccurate balances, pursuant to 15 U.S.C. § 1681i(aX2)(A)& (B).

   **ANSWER NO. 65**:  Discover admits that Experian sent it an ACDV on or around July 28, 2016 in which Plaintiff claimed inaccuracies with the information reported regarding his account.  The remaining allegations contain legal conclusions or are not asserted against Discover, and therefore, require no response.  Except as so admitted or to the

extent a response is required to the remaining allegations, Discover denies the allegations

contained in this Paragraph.

66. Upon information and belief, both Defendants verified for Experian the inaccurate reporting regarding the accounts were true debt balances of Plaintiff.

**ANSWER NO. 66**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that it conducted an investigation as required by FCRA

into the account upon receiving the ACDV from Experian and correctly reported the

account balance.

67. On August 9, 2016, Experian returned the results of the 15 U.S.C. § 16811 dispute reinvestigation (confirmation #1896-6208-93) to Plaintiff.

**ANSWER NO. 67**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, Discover is without sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations

contained in this Paragraph, and therefore, denies them.

68. Experian continues to report to others that the Defendant CBNA account ending in #1422 on Plaintiffs credit report has late notations and a balance of $848.

**ANSWER NO. 68**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  To the extent a response is required,

Discover denies the allegations contained in this Paragraph.

69. Upon information and belief, Experian sent an ACDV to Defendant Discover regarding Plaintiffs disputed balance, account #8947, pursuant to 15 U.S.C. § 1681i(a)(2)(A)& (B).

**ANSWER NO. 69**:  Discover admits that it received notice of Plaintiff's alleged dispute

regarding his Experian consumer report as it related to Discover account ending in #8947

when it received an ACDV from Experian regarding the alleged dispute on or around

July 28, 2016. The remaining allegations contain legal conclusions or are not asserted

against Discover, and therefore, require no response. Except as so admitted or to the extent a response is required to the remaining allegations, Discover denies the allegations contained in this Paragraph.

70. Upon information and belief, Defendant Discover verified for Experian the inaccurate reporting regarding account #8947 was accurate and there was a balance due of $302.00 and late notations.

**ANSWER NO. 70**: Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that it conducted an investigation as required by FCRA into the account ending in #8947 upon receiving the ACDV from Experian and correctly reported the account balance.

71. On August 9, 2016, Experian returned the results of the 15 U.S.C. § 1681i correction summary reinvestigation (confirmation #1896-6208-93) to Plaintiff.

**ANSWER NO. 71**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

72. Experian continues to report Defendant Discover account #8947 on Plaintiff's credit report with a balance due.

**ANSWER NO. 72**: Upon information and belief, Discover admits that Experian continues to report the correct balance of Plaintiff's account. Except as so admitted, Discover denies the allegations contained in this Paragraph.

73. Defendants Discover and CBNA have violated 15 U.S.C, § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to update and for remove the inaccurate tradeline.

**ANSWER NO. 73**: Discover denies the allegations contained in this Paragraph.

74. Defendants Discover and CBNA's own records, along with a reasonable investigation, would have easily revealed that Plaintiff was not responsible for, and did not have an obligation to pay, pursuant to Judge Noonan's Order of August 2015, account balances to Defendant CBNA on account ending in #1422 or Defendant Discover on account ending in #8947.

**ANSWER NO. 74**:  Discover denies the allegations contained in this Paragraph.

## EQUIFAX DISPUTES

75. On or about July 7, 2016, Plaintiff disputed the following four (4) incorrectly reporting accounts in accordance with 15 U.S.C. § 1681i, with Equifax (a/k/a Equifax Information Services, LLC), showing on its credit report Equifax credit report dated May 5, 2016. Which bears a confirmation number 6126062842 by referring to the page number of the report and the information that Plaintiff gathered from his Chapter 128 proceeding.
    - Best Buy/CBNA, Acct 700106226759 - Paid agreed balance in full of $1,314.77. Your report Shows delinquency charge off dating back to 10/2013, still shows a balance of $848.00.
    - Page 8- Chase Bank USA, Acct ending in #2136 - Paid agreed balance in full of $1,192.00. No late payments showing. Still shows a balance of $53.00.
    - Page 10- Chase Bank USA, Acct ending in #6329 - Paid agreed balance in full of $1,998.00. No late payments showing. Still shows a balance of $57.00.
    - Page 14- Discover Bank, Acct ending in #7557 - Paid agreed balance in full of $1,293.00. Shows late payments dating back to 05/2013. Still shows a balance of $555.00.

**ANSWER NO. 75**:  Discover admits that it received notice of Plaintiff's alleged dispute regarding his Equifax consumer report as it related to Discover account ending in #8947 when it received an ACDV from Equifax regarding the alleged dispute on or around July 27, 2016. Except as so admitted, Discover denies the allegations contained in this Paragraph.

76. In Plaintiffs dispute letter, sent certified mail, Plaintiff explained that he is not obligated to pay balances of the aforementioned accounts because he was absolved of the debt because of his Chapter 128 petition because of Judge Noonan's Order of August 19, 2015, because the Defendants agreed to payment of those amounts as listed on a ninety (90) day basis.

**ANSWER NO. 76**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, Discover is without sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them. Discover affirmatively alleges that it did not receive a copy of "Plaintiff's dispute letter" sent to Equifax.

77. On August 30, 2016, Equifax returned the results of the 15 U.S.C. § 1681i dispute reinvestigation (confirmation #6201028979) to Plaintiff.

**ANSWER NO. 77**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

78. Upon information and belief, Equifax sent an ACDV to Defendant Discover regarding Plaintiff's disputed balance, account Discover Bank, Acct ending in #7557, pursuant to 15 U. S.C. § 1681i(a)(2)(A)& (B).

**ANSWER NO. 78**: Discover admits that Equifax sent it an ACDV on or around July 27, 2016 in which Plaintiff claimed inaccuracies with the information reported regarding his Discover account ending in #8947. The remaining allegations contain legal conclusions or are not asserted against Discover, and therefore, require no response. Except as so admitted or to the extent a response is required to the remaining allegations, Discover denies the allegations contained in this Paragraph.

79. Upon information and belief, Defendant Discover verified for Equifax the inaccurate reporting regarding account ending in #7557 was accurate and there was a balance of $302.00 due and shows late payment during the Chapter 128 proceedings.

**ANSWER NO. 79**: Discover denies the allegations contained in this Paragraph. Discover affirmatively alleges that it conducted an investigation as required by FCRA into the account ending in #8947 upon receiving the ACDV from Equifax and correctly reported the account balance.

80. On August 30, 2016, Equifax returned the results of the 15 U.S.C. § 1681i results of its reinvestigation (confirmation #6201028979) to Plaintiff.

   **ANSWER NO. 80**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

81. Defendant Discover verified the debt of $555.00 as currently due and late payments going back into the Chapter 128 proceedings.

   **ANSWER NO. 81**: Discover denies the allegations contained in this Paragraph. Discover affirmatively alleges that it correctly asserted that the account was a charge-off and that there was a $302 balance.

82. Equifax continues to report Defendant Discover account ending in #7557 on Plaintiff's credit report as having a balance due.

   **ANSWER NO. 82**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

83. Upon information and belief, Equifax sent an ACDV to Defendant Chase Bank USA, Acct ending in #2136 regarding Plaintiff's disputed balance, pursuant to 15 U.S.C. § 1681i(a)(2)(A)& (B).

   **ANSWER NO. 83**: The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response. Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

84. Upon information and belief, Defendant Chase Bank verified for Equifax the inaccurate reporting regarding account ending in #2136 was accurate and there was a balance due of $53.00.

**ANSWER NO. 84**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, Discover is without sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations

contained in this Paragraph, and therefore, denies them.

85.   Upon information and belief, Equifax sent an ACDV to Defendant Chase Bank USA, on
a different Acct ending in #6329 regarding Plaintiff's disputed balance, pursuant to 15
U.S.C. § 1681i(a)(2)(A)& (3).

**ANSWER NO. 85**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, Discover is without sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations

contained in this Paragraph, and therefore, denies them.

86.   Upon information and belief, Defendant Chase Bank verified for Equifax the inaccurate
reporting regarding account ending in #6329 was accurate and there was a balance due of
$57.00.

**ANSWER NO. 86**:  The allegations contained in this Paragraph are not asserted against

Discover, and therefore, require no response.  Further, Discover is without sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations

contained in this Paragraph, and therefore, denies them.

87.   Defendants have violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable
investigation with respect to the disputed in formation, failing to review all relevant
information available to it, and failing to update and/or remove the inaccurate tradelines.

**ANSWER NO. 87**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that, to establish a claim under 15 U.S.C. § 1681s-2(b), the

plaintiff must show a "'***factual* inaccuracy** rather than the existence of **disputed legal**

**questions**,' such as whether a plaintiff was legally billed for the services he disputes.' "

*Van Veen v. Equifax Information*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) (italics in

original; bold/underline emphasis added); *see also Herrell v. Chase Bank USA, N.A.,* 2016 WL 7010505, at *4 (E.D. Wis. Oct. 24, 2016).

88. Defendants' own records including correspondence from the Wisconsin State court in Milwaukee County, along with a reasonable investigation, would have easily revealed that Plaintiff was not responsible for, and did not have an obligation to pay pursuant to Judge Noonan's Order of August 2015, account balances to any of the Defendants.

**ANSWER NO. 88**:  Discover denies the allegations contained in this Paragraph.

Discover affirmatively alleges that, to establish a claim under 15 U.S.C. § 1681s-2(b), the plaintiff must show a "'***factual* inaccuracy** rather than the existence of **disputed legal questions**,' . . .'" *Van Veen v. Equifax Information*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) (italics in original; bold/underline emphasis added); *see also Herrell v. Chase Bank USA, N.A.,* 2016 WL 7010505, at *4 (E.D. Wis. Oct. 24, 2016).  The credit reporting of Plaintiff's account was factually accurate.  Plaintiff alleges that payments made under a Wis. Stat. § 128.21 plan constitutes a satisfaction of the entire debt between the debtor and his creditor.  Defendant disputes that Wis. Stat. § 128.21 has this effect.  This is a disputed legal question, requiring interpretation of Wis. Stat. § 128.21, and not a factual inaccuracy.

89. The national credit reporting agencies continue to publish Plaintiff's credit report to other potential and current creditors containing Defendants' inaccurate, negative, and adverse reporting.

**ANSWER NO. 89**:  The allegations contained in this Paragraph are not asserted against Discover, and therefore, require no response.  Further, Discover is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in this Paragraph, and therefore, denies them.

## PLAINTIFF'S DAMAGES

90.   Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

**ANSWER NO. 90**:  Discover incorporates its responses to paragraphs 1-89 as its

response to paragraph 90.

91.   As a result of Defendants' violations above noted, Plaintiff has suffered damages in the form of damage to his credit profile, weakening of his credit worthiness, diminishment of his general reputation, and depletion of his credit score.

**ANSWER NO. 91**:  Discover denies the allegations contained in this Paragraph.

92.   Defendants' aforementioned violations have been a substantial contributing factor in the loss of use of Plaintiff's credit ability and credit denials.

**ANSWER NO. 92**:  Discover denies the allegations contained in this Paragraph.

93.   Defendant's aforementioned conduct and violations have emotional well-being and sense of self-worth to suffer.

**ANSWER NO. 93**:  Discover denies the allegations contained in this Paragraph.

94.   Plaintiff has also suffered emotional distress in the farm of hopelessness, stress, irritation, loss of sleep, anger, frustration, anxiety, loss of time trying correct obvious errors, and fear, all as a result of Defendants' conduct.

**ANSWER NO. 94**:  Discover denies the allegations contained in this Paragraph.

95.   As a result of Defendants' willful and/or negligent conduct, Plaintiff is entitled to actual, statutory, and punitive damages in addition to attorney's fees and costs pursuant to 15 U.S.C. §16810 and §1681n.

**ANSWER NO. 95**:  Discover denies the allegations contained in this Paragraph.

## TRIAL BY JURY

96.   Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. V Fed. R. Civ. P. 38.

**ANSWER NO. 96**:  This Paragraph contains legal conclusions to which no response is

required.  To the extent a response is required, Discover denies the allegations contained

in this Paragraph.

### STANDING

97.     Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

      **ANSWER NO. 97**:  Discover denies the allegations contained in this Paragraph.

98.     Specifically, Plaintiff suffered a concrete informational injury Defendants' failure to provide accurate and complete information in with their credit reporting on Plaintiff's credit history.

      **ANSWER NO. 98**:  Discover denies the allegations contained in this Paragraph.

### CAUSES OF ACTION
### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT —
### 15 U.S.C. § 1681s-2(b)

99.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

      **ANSWER NO. 99**:  Discover incorporates its responses to paragraphs 1-98 as its

response to paragraph 99.

100.    Defendants' willfully violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to them and documentation provided by Plaintiff, and at a minimum failing to update their respective tradelines as "disputed."

      **ANSWER NO. 100**:  Discover denies the allegations contained in this Paragraph.

101.    As a result of Defendants' violations of the FCRA, Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to his credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

      **ANSWER NO. 101**:  Discover denies the allegations contained in this Paragraph.

102. Defendants' conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER NO. 102**:  Discover denies the allegations contained in this Paragraph.

103. Alternatively, Defendants' violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

**ANSWER NO. 103**:  Discover denies the allegations contained in this Paragraph.

104. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER NO. 104**:  Discover denies the allegations contained in this Paragraph.

105.   To the extent any allegation of the Complaint is not responded to in the paragraphs above, it is hereby denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim on which relief can be granted.

### Second Defense

Plaintiff's damages, if any, were not caused by any action by Discover but were caused by the negligent, intentional, fraudulent, or otherwise, actions of Plaintiff or others over whom Discover had no control and for whose actions Discover is not responsible.

### Third Defense

Plaintiff has failed to mitigate his damages, if any.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of laches.

**Sixth Defense**

Plaintiff's claims are barred by the doctrine of promissory estoppel.

**Seventh Defense**

At all times alleged in the Complaint, Discover acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.

**Eighth Defense**

Plaintiff's damages, if any, are offset by the amount owed to Discover.

**Ninth Defense**

The claims set forth in this lawsuit are subject to an arbitration provision.

Discover reserves the right to assert any additional affirmative defense that may become available as the result of further discovery in this lawsuit.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Discover respectfully requests that judgment be entered in its favor dismissing the action as against Discover with prejudice, denying all of the relief requested, and granting it such further relief as the Court deems appropriate.

Dated this 6th day of January, 2017.

s/  *Marci V. Kawski*
_____
Marci V. Kawski
State Bar No. 1075451
Edward J. Heiser, Jr.
State Bar No. 1012427
Lisa M. Lawless
State Bar No. 1021749
Attorneys for Discover Financial Services, Inc.
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
P.O. Box 1379
Madison, Wisconsin 53701-1379
Telephone:  608-255-4440
Fax:  608-258-7138
Email: Marci.Kawski@huschblackwell.com
Email: Edward.Heiser@huschblackwell.com
Email: Lisa.Lawless@huschblackwell.com
